MASSACHUSETTS PROTECTIVE ASSOCIATION, INC., v. JURNEY.

4-3268

Opinion delivered February 12, 1934.

822

824

*Frank L. Harrington* and *Cravens, Cravens & Friedman*, for appellant.

*Robert Bailey*, for appellee.

KIRBY, J., (after stating the facts). It is insisted that the court erred in refusing to instruct a verdict for appellant, and this contention must be sustained. Under the undisputed testimony there was no repudiation of the contract of insurance by the association, nor any breach of it. Had the association repudiated the contract even, it would still have been entitled to a directed verdict in its favor for the reason that the plaintiff, with full knowledge of its repudiation, elected to stand on the contract. The suit was not one to recover installments under an insurance policy, but was brought on the theory that plaintiff was entitled to recover the present value of future installments under the contract on account of an alleged repudiation of it by the appellant company. A careful examination of all the evidence in the case shows by the undisputed proof that the association at no time either repudiated the contract or breached any of its terms, but always relied upon it. The only controversy between appellant and appellee was as to the meaning of the contract and the coverage afforded by its provisions.

Under the terms of the rider, which was correctly construed by the court below, appellee was only entitled to the indemnity benefits thereunder beyond the sixty weeks provided in the policy itself in the event that a disability occurred within the said period and continued thereafter, totally disabling him and of such a nature as necessarily confined him to the house under the care of a physician, etc. No such contingency was shown here, but rather the contrary. It was agreed by the parties hereto that the sixty weeks provided in the policy for payment of indemnity expired on August 4, 1932, and that a settlement was made with appellee by the association whereby he was paid indemnity under the policy up to and including September 22, 1932. The undisputed proof shows that no disability which existed within the sixty-week period continued thereafter, or continuously disabled the insured or confined him to the house, or disabled him from

following a gainful occupation. As already said, he came to Little Rock after the expiration of the sixty-week period, and secured employment with the Missouri Pacific Railroad Company, where he worked for approximately three months, drawing pay at the rate of $3.56 per day; and he made no claim of any disability after August 4, 1932, until December 17, 1932, when he claimed to have had an attack of influenza which confined him to his home from December 11th. A field representative of the association was informed by plaintiff's attorney on November 7, 1932, three months after the expiration of the 60-week period, that appellee was in the best of health, and not objectionable as an insurance risk. Appellee himself testified that he was in good health during this time.

In *Mutual Life Ins. Co.* v. *Marsh*, 186 Ark. 861, 56 S. W. (2d) 433, it was held that there could be no recovery for damages for an alleged repudiation of payment of indemnity under an insurance contract when it appeared that there was no repudiation, the insured's remedy being to sue for the installments as they matured. In the instant case, there was no refusal to carry out the contract or renunciation of the agreement, but, as shown by the correspondence between the parties, when default was claimed to have been made, the association only contended that, under the existing facts, the insured was no longer entitled to the weekly indemnity, having been paid all that was due him under the terms of the contract. See 13 C. J., §§ 725-27, page 651.

Moreover, it was said in *Mutual Life Ins. Co.* v. *Marsh, supra,* that, if the insured, with knowledge of the facts, elects to continue with the contract, he cannot subsequently make a second and inconsistent election to treat it as abrogated. See also *McNamara* v. *Cerf,* 4 Fed. (2d) 997.

Said instruction No. 5, given by the court without objection from appellee, correctly declared the law, and, in addition, the court instructed the jury that plaintiff, to be entitled to recover, must show by a preponderance of the evidence that the defendant insurance company

breached the contract or repudiated the provisions thereof. The undisputed testimony, as already shown, discloses that no disability arose during the sixty weeks' period and continued thereafter as was necessary to entitle appellee to recover; and that the insurance company had performed its contract in the payment of the sixty weeks' indemnity thereunder, and could not be held to further liability.

Under the circumstances of this case, the court erred in not directing a verdict for the appellant company and in submitting the cause to the jury, since there was no sufficient evidence to warrant its being done. The judgment is accordingly reversed, and the cause, appearing to have been fully developed, is dismissed.