UNITED STATES FIDELITY & GUARANTY COMPANY, A CORPORATION, APPELLANT AND CROSS–RESPONDENT, v. KEITH H. PETERSON, DOING BUSINESS AS K. H. PETERSON CONSTRUCTION CO., AND A. S. JOHNSON CONSTRUCTION CO., A NEVADA JOINT VENTURE, RESPONDENTS AND CROSS–APPELLANTS.

No. 7804

October 10, 1975                    540 P.2d 1070

*Richard P. Wait,* of Reno, for Appellant and Cross-Respondent.

*McDonald, Carano, Wilson, Bergin & Bible,* of Reno, for Respondents and Cross-Appellants.

## OPINION

By the Court, ZENOFF, J.:

Claims for damages arose out of a construction contract entered into between Keith H. Peterson, doing business as K. H. Peterson Construction Co., and the United States Forest

Service for construction of a roadway in Lamoille Canyon in Elko County. Peterson was engaged in the project as the active participant of a joint venture with A. S. Johnson Construction Co. The latter company served only to enhance Peterson's bonding capability in order that he could be better considered for the job.

In the fall of 1970, Peterson and Johnson, referred to jointly as respondents, were the successful bidders for a construction contract with the United States Forest Service for the improvement of 5.41 miles of existing road and the construction of an additional 2.63 miles of new road in Lamoille Canyon.

An existing contract between the United States Forest Service and Nevada Power Company regarding a pipe and trestle that ran alongside and adjacent to a portion of the construction project provided for liquidated damages in the event of any interruption of the flow of water through the pipe. Respondents' contract with the United States Forest Service covered that contingency by providing that they were to pay liquidated damages to Nevada Power Company in the event their construction activities interrupted the flow of water. As protection against that eventuality, appellant insurance company required the respondents to purchase liability insurance against damage to the pipe and trestle.

During the course of construction, damage occurred to the pipe and trestle on several occasions and notification thereof was given to appellant's representatives. Claims were submitted under the liability policy but appellant delayed and refused to pay despite awareness of respondents' increasingly precarious financial condition.

Finally, this action was commenced by respondents to recover consequential damages because of the insurance company's bad faith refusal to pay which caused Peterson to lose his business and his credit. Appellant asserts that the trial court erred when it instructed the jury that consequential damages might be awarded to Peterson; further, that if such instruction were valid, there existed no evidence of the requisite bad faith on the part of the insurance company that would justify consequential damages.

An additional assignment of error is that the trial court improperly refused offered instructions dealing with the duty of Peterson to take all reasonable steps to prevent other property damages.

1. We approve and adopt the rule that allows recovery of

consequential damages where there has been a showing of bad faith by the insurer. Where an insurer fails to deal fairly and in good faith with its insured by refusing without proper cause to compensate its insured for a loss covered by the policy such conduct may give rise to a cause of action in tort for breach of an implied covenant of good faith and fair dealing. The duty violated arises not from the terms of the insurance contract but is a duty imposed by law, the violation of which is a tort. Silberg v. California Insurance Company, 521 P.2d 1103 (Cal. 1974); Gruenberg v. Aetna Insurance Company, 510 P.2d 1032 (Cal. 1973); see also concurring opinion Fisher v. Executive Fund Life Ins. Co., 88 Nev. 704, 504 P.2d 700 (1972). The evidence bearing on the issue of consequential damages was properly admitted.

The record supports a finding that the insurance company exercised bad faith in its dealings with Peterson. It had been given notice many times by Peterson of the several valid claims and had knowledge of the effect of its refusal to pay on his financial condition. The company contributed materially to Peterson's stress by promising to pay him immediately if he would make the necessary repairs that he was not otherwise compelled to make. He performed the work using operating capital which he needed to continue operating his business, nor could he seek business elsewhere since his funds were tied up by the appellant and he was unable, therefore, to obtain performance bonds. The claims of creditors were reduced to judgment and filed with the insurance company. Yet, with this firsthand knowledge appellant refused to negotiate or pay the sums known to be due him.

2. With respect to the court's refusal to instruct on Peterson's responsibility to prevent further property damages, no authority is cited. Indeed, contentions that he did not are refuted by the record. In any event, the subject matter of the proposed instructions was adequately covered by another instruction given by the court. Yturralde v. Barney's Club, Inc., 87 Nev. 249, 484 P.2d 1079 (1971).

Peterson cross-appealed for the trial court's refusal to entertain his request that the jury be instructed on punitive damages. While the record supports the court's determination that there was sufficient evidence of the insurance company's bad faith to justify an instruction on consequential damages, the necessary requisites to support punitive damages are not present.

Village Development Co. v. Filice, 90 Nev. 305, 526 P.2d 83 (1974); Caple v. Raynel Campers, Inc., 90 Nev. 341, 526 P.2d 334 (1974); Nevada Cement Co. v. Lemler, 89 Nev. 447, 514 P.2d 1180 (1973); Nevada Credit Rating Bureau, Inc. v. Williams, 88 Nev. 601, 503 P.2d 9 (1972); Silberg v. California Insurance Company, supra.

Affirmed.

GUNDERSON, C. J., and BATJER, MOWBRAY, and THOMPSON, JJ., concur.