

## ORDER

Preston G. Hicky, Easley, Hicky & Cline, Forrest City, AR, for plaintiff.

Michael L. Alexander, Barber, McCaskill, Amsler, Jones & Hale, Little Rock, AR, for defendant.

## ORDER

STEPHEN M. REASONER, Chief Judge.

Presently before the Court is defendant's Motion for Partial Summary Judgment (# 8). Plaintiff has responded. For the following reasons, defendant's motion is granted.

**Sammy D. WILLIS, Plaintiff,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, Defendant.**

**No. H–C–92–121.**

United States District Court, E.D. Arkansas, E.D.

April 26, 1993.

### I. FACTS

Plaintiff was injured in a collision while driving a truck for a company called Fleet Transport. Fleet Transport was a covered entity under a group disability policy issued by defendant. Plaintiff has received $25,000, the policy limit, from Farm Bureau Casualty Insurance Company who insured the individual responsible for causing the accident.

Defendant then proceeded to pay disability benefits to plaintiff on the basis that he was totally disabled. Defendant paid plaintiff the maximum weekly benefit of $250.00 per week for two years for a total of $27,099.17.[1] However, after two years, defendant wrote a letter informing plaintiff that it had received additional medical information that indicated plaintiff was not disabled from "his occupation or any occupation."[2]

---

1. The policy limit is $250,000 per accident.

2. The insurance policy in question provides that:

> Benefits will be payable up to 24 months for Total Disability that prevents a Covered Person

Plaintiff alleges in his complaint that because "Defendant now takes the position that Plaintiff is not totally disabled, Defendant has anticipatorily breached the terms of said policy. . . ." COMPLAINT at 4. As a result, plaintiff asks for damages equalling the policy limit of $250,000, less the $25,000 paid by Farm Bureau and the $27,099.17 paid by defendant. This amount would not only encompass the monthly installments that would have accrued prior to trial, it would also encompass a lump sum payment of all future benefits reduced to present value.

## II. MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant has now moved for partial summary judgment arguing that plaintiff is not entitled to recover the present value of all future disability payments. Rather, defendant asserts that plaintiff would be entitled, at most, to an award of past-due benefits.

Defendant argues that it is beyond dispute that the policy was not repudiated. In support, defendant points to the fact that it admitted in its answer that the policy "provided certain coverage to plaintiff." MEMORANDUM BRIEF IN SUPPORT at 2. Further defendant indicates that when requested to admit in discovery that plaintiff was an insured under the terms of the policy its response was "Admitted." *Id.* at 3. Also defendant relies on the fact that it paid benefits to plaintiff for two years.

The first case cited by defendant is *Cassady v. United Ins. Co.*, 370 F.Supp. 388 (W.D.Ark.1974). The plaintiff in that case argued that the defendant's failure to pay benefits and general conduct constituted an anticipatory breach thus entitling him to recover the present value of future installments. The court did not agree and stated:

> The defendant never denied the issuance of the policy nor that it was in effect on September 7, 1971, when plaintiff ceased working at the Craighead Laundry. The

> from Performing all the essential duties of his regular job. Payments continue beyond 24 months if he is unable to perform all the essential duties of any kind of work for which he is reasonably qualified by reasons of his education, training or experience.

defendant proceeded to pay the weekly indemnity for seven weeks, and then decided to cease payments on the ground that plaintiff was not confined to his home as required by the policy. This does not constitute an anticipatory breach.

*Id.* at 398.

Defendant also cites *General Am. Life Ins. Co. v. Yarbrough*, 360 F.2d 562 (8th Cir. 1966). The plaintiff there had also argued that the defendant had anticipatorily breached the contract and that the proper measure of damages was, therefore, the present value of the future installments. However, the Eighth Circuit observed that:

> The defendant never denied the existence of contractual relations with plaintiff and never indicated any intent not to abide by the provisions of the policy. Defendant only denied plaintiff had made proof of the claimed disability within the time and in the manner provided by the policy. Such action by defendant is not repudiation of the policies so as to result in an anticipatory breach of their provisions, and plaintiff is not entitled to the present value of the future installments of disability payments.

*Id.* at 568. For supporting authority, the court cited *Massachusetts Protective Ass'n v. Jurney*, 188 Ark. 821, 68 S.W.2d 455 (1934), and *Jefferson Standard Life Ins. Co. v. Slaughter*, 190 Ark. 402, 79 S.W.2d 58 (1935).

Plaintiff, on the other hand, cites *Aetna Life Ins. Co. v. Phifer*, 160 Ark. 98, 254 S.W. 335 (1923), arguing that the Arkansas Supreme Court allowed recovery of the present value of future installments under similar circumstances. The facts there show that the defendant had sent a letter to the plaintiff after receiving the proof of injury and disability from the plaintiff. The letter stated the defendant's position that the plaintiff was not totally disabled under the terms of the policy and that the insurance had lapsed by reason of nonpayment of a premium. The court stated that:

> We will, from time to time, review the Covered Person's status, and may require an account of his earnings and proof of his continued Total Disability.

DEFENDANT'S EXHIBIT # 1 at 2–3.

This letter evinced an intention on the part of appellant not to be bound by the terms of the contract, and was equivalent to a renunciation thereof. It stated in express words that the policy had lapsed. This denial of liability justified appellee, who was not in default, in treating the contract as breached and suing for gross damages, which he did.

*Id.* at 105, 254 S.W. 335.

The *Phifer* case, in this Court's opinion, can be distinguished from the facts at bar and the facts in *Cassady, supra.* In *Cassady,* the defendant's only action was to deny that the plaintiff was totally disabled under the terms of the contract. However, in *Phifer,* the defendant also disavowed the entire contract alleging that the plaintiff had failed to pay a premium and that the policy had lapsed. This factual difference was brought to light by the Arkansas Supreme Court in *Jefferson, supra.* There the court analyzed the factual situations in cases on the issue of entitlement to present value of future benefits. In regards to *Phifer,* the Court stated that:

In addition to denying the liability upon the disability clause of the contract, the insurance company pleaded as one of the reasons therefor that the policy had lapsed by a failure to pay premium on November 17, 1921. The insurer disavowed the policy, and was insisting that it should not be bound thereby. *This was not a dispute arising solely out of an alleged liability upon the disability clause of the policy, about which there might have been a dispute.*

*Jefferson,* 190 Ark. at 404, 79 S.W.2d 58 (emphasis added). The Court went on to hold that there is a clear distinction between a dispute over the rights of the parties under the contract and a dispute "wherein the insurer had, by words or conduct, expressly repudiated the contract, *refusing to be longer bound thereby* ...." *Id.* at 406, 79 S.W.2d 58 (emphasis added).

Apparently, the distinction lies in whether the insurance company renounces the fact that it is bound by the contract or merely denies that it is liable to an insured under the terms of the policy. Indeed, in *Jefferson,*

the Court found that the plaintiff was not entitled to future benefits because the defendant "was insisting upon its contract, though it was questioning the fact of total disability." *Id.* at 410, 79 S.W.2d 58.

In the present case, defendant alleges nothing more than that the plaintiff is not totally disabled under the terms of the contract. Plaintiff does not dispute this. In his conclusion, plaintiff states, "The issue is simply whether or not Plaintiff is totally disabled as defined by the policy at this point. The Defendant has clearly taken the position that he is not, as evidenced by its letter ... *and* as evidenced by the fact that it has refused to make payments to Plaintiff." BRIEF IN SUPPORT OF RESPONSE at 6. Defendant admits as much, and as a matter of law, this is insufficient to prove that defendant anticipatorily repudiated the insurance contract.

### III. CONCLUSION

In sum, the facts as alleged by plaintiff are insufficient to prove that defendant has anticipatorily repudiated the insurance contract. Therefore, no genuine issue of material fact remains on this issue, and plaintiff is not entitled to recover damages representing the present value of future benefits. Defendant's Motion for Partial Summary Judgment (# 8) is granted.

IT IS SO ORDERED.