BARBARA PULLEY AND CATHERINE HARTMAN, APPEL-
LANTS, v. PREFERRED RISK MUTUAL INSURANCE
COMPANY, RESPONDENT.

No. 25736

June 27, 1995                                    897 P.2d 1101

*Mainor and Harris,* Las Vegas, for Appellants.

*Nersesian & Clark,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

Appellants filed a contract action to recover benefits from their uninsured motorist carrier. The parties agreed to arbitration. After the arbitrator issued his decision in favor of appellants, the insurance company refused or failed to pay the award. Appellants filed a tort action against the insurance company, arguing breach of the covenant of good faith and fair dealing. The district court determined that res judicata barred appellant's bad faith action, reasoning that they should have raised this issue in their first action for contract benefits. We disagree. For the reasons set forth below, we reverse and remand to the district court.

On April 11, 1990, appellants Barbara Pulley and Catherine Hartman were involved in an automobile collision with an uninsured motorist. Appellants submitted claims to their uninsured motorist carrier, respondent Preferred Risk Mutual Insurance Company ("Preferred Risk"). When the parties were unable to agree on the value of appellants' claims, appellants filed an action on April 9, 1992, in district court to recover benefits under their insurance policy ("first case"). The parties agreed to arbitrate the matter. On December 13, 1993, the arbitrator issued his decision awarding $10,716.20 to Pulley and $7,216.35 to Hartman on their claims. Upon receiving notification of the awards from the arbitrator, appellants immediately requested payment from Preferred Risk. Preferred Risk refused or otherwise failed to pay the awards.

On February 1, 1994, fifty (50) days after the arbitrator issued his decision, appellants filed a lawsuit against Preferred Risk ("second case") alleging that the insurance company's refusal or unreasonable delay in paying their claims was a breach of the covenant of good faith and fair dealing. On the following day, February 2, 1994, Preferred Risk tendered payment to the appellants' attorney for the amount of the arbitration awards less the amount it had already paid for medical expenses.

Preferred Risk then filed a motion to dismiss appellants' second case for the breach of the covenant of good faith and fair dealing pursuant to NRCP 12(b)(5). Preferred Risk based its motion on two grounds. First, it maintained that the district court never entered judgment in the first case based upon the arbitration award, and therefore the underlying litigation remained undetermined. Second, Preferred Risk argued that res judicata barred appellants' second case because they should have raised the breach of the covenant of good faith and fair dealing claim in the first case.

On March 8, 1994, the district court entered a final judgment in the first case. The district court stated that pursuant to the arbitrator's awards, "Barbara Pulley take[s] judgment against Defendants in the amount of $10,716.20 . . . . Catherine [Hartman] take[s] judgment against Defendants in the amount of $7,216.35."

After further motion practice, the district court granted Preferred Risk's motion to dismiss and entered an order dismissing appellants' second case against Preferred Risk for breach of the covenant of good faith and fair dealing. The district court stated that the first and second cases involved the same parties, facts, and contract of insurance. The district court determined that res judicata barred appellants' second case because they could have raised their claim for bad faith against Preferred Risk in the first case.

On appeal, appellants contend that the district court erred in dismissing their case for bad faith because it is a separate tort action apart from the breach of the insurance contract action. We agree. The district court dismissed appellants' case based on a conclusion of law, that res judicata barred appellants' bad faith claim. Questions of law are reviewed de novo. SIIS v. United Exposition Services Co., 109 Nev. 28, 30, 846 P.2d 294, 295 (1993).

Generally, the doctrine of res judicata precludes parties or those in privity with them from relitigating a cause of action or an issue which has been finally determined by a court of competent jurisdiction. University of Nevada v. Tarkanian, 110 Nev. 581, 879 P.2d 1180 (1994) (citation omitted). Res judicata precludes parties from relitigating issues they could have raised in a prior action concerning the same controversy. Id. at 598, 879 P.2d at 1191. For res judicata to apply, three elements must be present: (1) the issue decided in the prior litigation must be identical to the issue presented in the current action; (2) the initial ruling must have been on the merits and have become final; and (3) the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation. Id.

We conclude that the doctrine of res judicata does not bar appellants' case against Preferred Risk for breach of the covenant of good faith and fair dealing because the issue decided on the merits in the prior litigation is not the same issue that is presented in the second case. The duty to act in good faith does not arise from the terms of the insurance contract. United States Fidelity v.

Peterson, 91 Nev. 617, 620, 540 P.2d 1070, 1071 (1975). Rather, the duty of good faith and fair dealing is imposed by law and the violation of this duty is a tort. *Id.*

Appellants' first case against Preferred Risk was an action to determine the value of their claims under the insurance contract. After that case had been decided through arbitration in appellants' favor, Preferred Risk delayed payment on appellants' claims until appellants filed the instant case for tortious bad faith. The issues presented in the first and second suits are not identical and do not arise from the same transaction. The first case involved a contract action, whereas the second case involves a tort action. The facts pertinent to the first case relate to the value of appellants' claims for personal injuries and medical expenses as a result of the automobile accident. On the other hand, the second case arises from the fact that Preferred Risk delayed payment on appellants' claims after the first case was settled through arbitration.[1] The district court erred in its conclusion that appellants' action for bad faith existed in April, 1991, when they filed the first case. Rather, the transaction giving rise to the bad faith tort action did not occur until *after* the first case for benefits under the contract had been settled, i.e., until after Preferred Risk refused to pay the arbitration award.[2] Therefore, the district court erred in dismissing appellants' case against Preferred Risk for bad faith based on res judicata.

Accordingly, we reverse and remand this matter to the district court.

---

[1] Nevada law recognizes the existence of an implied covenant of good faith and fair dealing in every contract. Pemberton v. Farmers Insurance Exchange, 109 Nev. 789, 792-93, 858 P.2d 380, 382 (1993) (citation omitted). In *Pemberton,* this court further stated:

> An insurer fails to act in good faith when it refuses "without proper cause" to compensate the insured for a loss covered by the policy. Such conduct gives rise to a breach of the covenant of good faith and fair dealing. This breach or failure to perform constitutes "bad faith" where the relationship between the parties is that of insurer and insured.

*Id.* at 793, 858 P.2d at 382 (citations omitted).

[2] Preferred Risk alleges that it did not know the amount owed to appellants until the district court entered final judgment in the first case. This contention lacks merit. The record shows that Preferred Risk received notification of the arbitrator's award on December 27, 1993. The issue of whether Preferred Risk's duty to pay on appellants' claims arose at that time or when the district court entered judgment in March 1994, is not dispositive of the instant case. That issue reaches the merits of the bad faith action. Here, this court is concerned with whether the district court erred when it dismissed appellants' bad faith claim based on res judicata.