**R. Kenneth LANDOW, M.D., et al., Plaintiffs,**

v.

**MEDICAL INSURANCE EXCHANGE OF CALIFORNIA, et al., Defendants.**

**No. CV–S–93–702–LDG (RJJ).**

United States District Court, D. Nevada.

July 6, 1995.

Steven J. Parsons, Las Vegas, NV, Robert K. Scott, Shernoff & Scott, Newport Beach, CA, for plaintiffs.

Rex A. Jemison, J. Mitchell Cobeaga, Beckley, Singleton, De Lanoy, Jemison & List, Ltd., Las Vegas, NV, for defendants.

***ORDER***

GEORGE, Chief Judge.

Plaintiff R. Kenneth Landow brings this suit alleging that his insurer, Defendant Medical Insurance Exchange of California

(MIEC), failed in bad faith to settle a liability claim brought against Landow. MIEC moves for summary judgment (# 21). Landow opposes and moves for summary adjudication (# 24).

Landow was sued in state court by a former patient and the patient's wife, who alleged Landow misdiagnosed a cancerous tumor. While the underlying plaintiffs sought damages in excess of Landow's policy limit, they offered to settle for the policy limit. Landow alleges that he requested MIEC to accept the offer to avoid the emotional distress and the adverse media attention, with the consequent adverse effect upon his medical practice, that a trial would bring. The suit went to trial and the jury returned a verdict in excess of the policy limit. Before judgment was entered, however, MIEC settled for an amount within the policy limits. Landow then brought this suit, alleging that MIEC acted in bad faith in its handling of the settlement.

The parties essentially pose two questions arising from these facts for this court to determine. First, in determining whether to settle a claim, does an insurer have a duty to consider injury to the insured, such as emotional distress and damage to business goodwill that would proximately flow from the failure to settle? Second, assuming the insurer fails in bad faith to settle a claim, does the lack of a final judgment bar recovery of damages for, *inter alia,* emotional distress and damage to business goodwill?

*Motion for Summary Judgment*

To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law. Fed.R.Civ.Pro. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The moving party can meet this burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2554.

A material fact is one required to prove a basic element of a claim. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The bur-

den of showing a material fact rests on the party that must prove the element at trial. *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. Failure to show a fact essential to one element "necessarily renders all other facts immaterial." *Id.* at 323, 106 S.Ct. at 2552.

If the moving party points out a lack of evidence, the opposing party must submit facts showing a genuine issue of material fact. Fed.R.Civ.Pro. 56(e). Summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses." *Celotex,* 477 U.S. at 323–24, 106 S.Ct. at 2553. In identifying unsupported claims, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The allegations or denials of a pleading, however, will not defeat a well-founded motion. Fed.R.Civ.Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Thus, the court will grant summary judgment against a party that fails to show facts supporting each disputed element of its claim or defense. *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552.

*Duty to Consider Injury to Insured*

██ Since the court is exercising its diversity jurisdiction over this matter, state substantive law controls. See *American Triticale, Inc. v. Nytco Servs., Inc.,* 664 F.2d 1136, 1141 (9th Cir.1982) ("It is well settled that a federal court exercising diversity jurisdiction must apply substantive state law.") (citing *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). Both parties agree that Nevada looked to California law when it established the implied covenant of good faith and fair dealing in the insurance context in *United States Fidelity v. Peterson,* 91 Nev. 617, 540 P.2d 1070 (1975). The parties also agree that the present question is one of first impression in Nevada, but that Nevada would again look to California law.

Both parties recognize that the litmus test for bad faith is whether the insurer, in "determining whether to settle a claim, [gave] as much consideration to the welfare of its insured as it [gave] to its own interests."

*Egan v. Mutual of Omaha Ins. Co.*, 24 Cal.3d 809, 818, 169 Cal.Rptr. 691, 620 P.2d 141 (1979). At issue is whether the insurer's duty to consider the welfare of the insured includes a duty to consider injury to the insured that results from a decision to not settle.

An instructive case is *Bodenhamer v. St. Paul Fire & Marine Ins. Co.*, 192 Cal.App.3d 1472, 1478–79, 238 Cal.Rptr. 177 (1987). In that matter, third parties brought claims against the insured, which claims the insurer processed. Although the insurer settled most of the claims, the insured brought suit alleging that the insurer's delay in settling those claims constituted bad faith and had damaged the insured's business goodwill. As in the present matter, the insurer countered that " 'the possibility of excess recovery is the only permissible factor in the insurer's settlement decision.' " *Id.* at 1476, 238 Cal. Rptr. 177. The court rejected this argument, holding that the implied covenant of good faith and fair dealing included the promise to process the claims in a manner which will not injure the insured. *Id.* at 1478–79, 238 Cal. Rptr. 177. As such, the court permitted the insured to maintain its bad faith action against its insurer for the injury to its business goodwill.

In its reply, MIEC attempts to distinguish *Bodenhamer* as addressing an insurer's "duty to process claims before suit is filed." MIEC provides no support for this proposition and the court can find none. Indeed, the facts of *Bodenhamer* forbid such a distinction: the claims against the insured included not only pre-lawsuit claims but also three lawsuits brought by the insured's customers. *Bodenhamer*, 192 Cal.App.3d at 1475, 238 Cal.Rptr. 177.

MIEC also argues that the court in *Camelot by the Bay Condominium Owners' Assoc. v. Scottsdale Ins. Co.*, 27 Cal.App.4th 33, 32 Cal.Rptr.2d 354 (1994) held that an insurer need only consider the risk of excess liability. *Camelot*, however, does not support such a broad reading. The specific question before that court was whether, in pursuing settlement of claims covered by the insurance policy, an insurer had a duty to consider and settle claims that were undisputedly not cov-

ered by the policy. The court did not consider the question of whether the insured must consider injury to the insured resulting from the failure to settle. The court's holding must be read narrowly: the insurer did not act in bad faith by refusing to settle non-covered third-party claims. Accordingly, in determining whether to settle, the insurer has a duty to consider injury to the insured, such as emotional distress and injury to business goodwill that proximately flow from the failure to settle. Whether MIEC breached this duty in its efforts to settle the underlying claims against Landow is a question for the jury to decide.

*Lack of Final Judgment*

◼ MIEC also argues that the lack of final judgment in this matter bars a recovery of damages. In response, Landow argues that he is entitled to a summary adjudication that the post-trial settlement does not absolve MIEC from damages proximately resulting from the failure to settle.

MIEC's argument that its settlement bars recovery assumes that an insured's damages are somehow limited to the insured's pecuniary losses arising from excess liability. The California Supreme Court, however, long ago "held that the insured could recover damages in tort for both the loss of property and her emotional distress." *Fletcher v. Western National Life Ins. Co.*, 10 Cal.App.3d 376, 401, 89 Cal.Rptr. 78 (1970) (discussing *Crisci v. Security Ins. Co.*, 66 Cal.2d 425, 432–434, 58 Cal.Rptr. 13, 426 P.2d 173 (1967)). While an "actual excess judgment, if any, is highly relevant in any bad faith damages determination" it is not an "explicit requirement for bad faith liability." *Camelot*, 27 Cal.App.4th at 48–49, 32 Cal.Rptr.2d 354. As such, "damages may be recovered to compensate for all detriment proximately resulting therefrom, including the economic loss as well as emotional distress resulting from the conduct or from the economic losses caused by the conduct." *Fletcher*, 10 Cal.App.3d at 401–402, 89 Cal.Rptr. 78. In sum, MIEC's post-verdict settlement does not bar Landow from attempting to recover any damages for emotional distress and injury to business goodwill that he can prove at trial. Whether MIEC breached its duty to settle in good

faith, and, if so, whether Landow was injured and suffered damages proximately resulting that breach are questions for the jury to decide.

Accordingly,

IT IS **ORDERED** that Defendant's Motion for Summary Judgment (# 21) is DENIED.

IT IS FURTHER **ORDERED** that Plaintiff's Motion for Summary Adjudication (# 24), is GRANTED as follows: Defendant's post-verdict settlement does not bar Plaintiff from attempting to recover any damages for emotional distress and injury to business goodwill that he can prove. Whether Defendant breached its duty to settle, and whether Plaintiff was injured and suffered damages as a proximate result of the alleged breach remain issues for the jury to decide.