**Jenny MILES, Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

**No. CV–N–98–225–DWH(RAM).**

United States District Court, D. Nevada.

Nov. 25, 1998.

Robert E. Dickey, Reno, NV, for Plaintiff.

Scott A. Glogovac, Burton, Bartlett & Glogovac, Reno, NV, for Defendant.

***ORDER***

HAGEN, District Judge.

Before the court are defendant's motion (# 6) to dismiss or bifurcate and plaintiff's motion (# 9) to remand. They have been fully briefed.

Where, as here, it is unclear from the complaint the amount of damages plaintiff seeks, defendant bears the burden of proving the jurisdictional amount. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992). The notice of removal does this. Plaintiff's motion for remand argues that because defendant denies liability for as much as the jurisdictional amount the case should be remanded unless defendant stipulates away that denial. Plaintiff asks too much. Diversity jurisdiction depends only on an amount in *controversy;* it is unnecessary for the parties to be in agreement on liability for that amount. The motion (# 9) for remand will be denied.

Nor will plaintiff's bad faith claim be dismissed as premature. *Pulley v. Preferred Risk Mut. Ins. Co.*, 111 Nev. 856, 897 P.2d 1101 (1995) does not establish a rule that such claims can arise only after the underlying coverage claim has been resolved. In *Pulley,* the facts upon which the bad faith claim was based did not occur until after the coverage claim was resolved. This is obviously what the Nevada Supreme Court meant when it said, "the transaction giving rise to the bad faith tort action did not occur until after the first case for benefits under the contract had been settled." *Id.* at 859, 897 P.2d 1101. To substitute the verb "does" for "did" in that passage alters its meaning from a statement of operative fact to a rule of law. No such rule of law yet has been declared by the Nevada court. Accordingly, defendant's motion to dismiss will be denied.

Defendant seeks bifurcation as an alternative. This reasonable request should be accommodated in a manner consistent with minimizing the cost of litigation to the parties and prudent use of this court's meager time resources [1]. The parties will prepare both the coverage and the bad faith claims for trial. The coverage issues will then be tried and submitted to the jury. Next, if appropriate in light of the verdict on coverage, the bad faith issues will be tried to the same jury.

Accordingly, **IT IS ORDERED** that the motions (# s 6 and 9) to dismiss and remand are denied; the motion (# 6) for bifurcation is granted as set forth above.

1. This district has four active judges. In 1997, the weighted filings per judgeship were 897, the highest of any district in the Ninth Circuit.