**FILED**

APR 03 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FERNANDO AVILA and ROSARIO REYES, Co-Administrators of the ESTATE OF MANUEL AVILA,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>CENTURY NATIONAL INSURANCE COMPANY,<br><br>Defendant - Appellee. | No. 10-16386<br><br>D.C. No. 2:09-cv-00682-RCJ-GWF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Argued and Submitted August 31, 2011
San Francisco, California

Before: BERZON and BYBEE, Circuit Judges, and GRAHAM, Senior District
Judge.[**]

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]   The Honorable James L. Graham, Senior District Judge for the U.S.
District Court for the Southern District of Ohio, sitting by designation.

The estate of Manuel Avila ("Estate") appeals the district court's grant of summary judgment to Century National Insurance Co. ("Century") on the Estate's breach of contract and violation of the implied covenant of good faith and fair dealing ("bad faith") claims regarding Century's refusal to indemnify, defend, or settle in connection with a suit brought by Dora Rodriguez against Manuel Avila. The district court found that the Estate had failed to show that it or Manuel Avila had suffered any economic or emotional distress damages caused by Century's refusal. We review the district court's grant of summary judgment de novo. *See Balint v. Carson City*, 180 F.3d 1047, 1050 (9th Cir. 1999) (en banc). We reverse.

1. Regarding the breach of contract claim, we conclude that the district court erred in granting Century summary judgment on the basis that the Estate could show no economic damages. Nevada law awards expectation damages, *Colo. Env'ts, Inc. v. Valley Grading Corp.*, 779 P.2d 80, 84 (Nev. 1989), and we find no authority suggesting that an insured's financial status affects his right to be reimbursed under a liability policy like the one in this case. On the contrary, under a liability policy, an insurer has an obligation to pay for any legal liability regardless of whether the insured has already paid the claim. *See* 2 ALLAN D. WINDT, INSURANCE CLAIMS AND DISPUTES § 6:5 (5th ed. 2012). As the Estate conceded, the amount contested under the breach of contract claim stands at

$135,000, or the amount of the policy less the amount Century paid to Rodriguez.[1]

We reverse the grant of summary judgment and remand to the district court for further proceedings to determine whether the insurance contract covered the Estate's claim.

2. Regarding the bad faith claim, we also conclude that the district court erred in granting Century summary judgment based on a lack of economic and emotional distress damages. We presume that Nevada would look to California law in determining whether the bad faith claim would be viable. *See U.S. Fid. & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975). Under California law, because Manuel Avila was alive when Century refused to indemnify, defend, and settle, whether or not he had any assets at the time would be irrelevant to Century's duties. *See Shapero v. Allstate Ins. Co.*, 92 Cal. Rptr. 244, 247–48 & n.1 (Ct. App. 1971). If Century breached its implied covenant with Avila while he was alive, then, under Nevada law, the Estate would retain any such claims as if Manuel Avila were still alive. NEV. REV. STAT. § 41.100(3). Thus, Manuel Avila's or the Estate's assets at any point in time would be irrelevant to Century's liability for a

---

[1]Although the parties discussed the issue of an offer of judgment by Century that Rodriguez accepted, we have no evidence of its terms. Because the issue was not raised before the district court and there are unresolved factual issues, we leave it to the district court to resolve in the first instance. *See Marx v. Loral Corp.*, 87 F.3d 1049, 1055 (9th Cir. 1996).

breach of the implied covenant of good faith and fair dealing, and the Estate may be able to claim damages based on a bad faith refusal to indemnify, defend, or settle. We agree with the district court that, under Nevada law, ambiguity in the insurance contract sufficient to preclude a directed verdict against the insurer on the contract claim does not necessarily preclude a bad faith claim. *See Albert H. Wohlers & Co. v. Bartgis*, 969 P.2d 949, 955–56 & n.2 (Nev. 1999). On the record, there was a triable issue of fact regarding whether there was bad faith. We reverse the grant of summary judgment on the bad faith claim and remand for further proceedings to determine whether Century acted in bad faith and, if so, the extent of any damages that the Estate suffered as a result.

We also agree with the district court that the Estate remains eligible to collect any emotional distress damages that Manuel Avila suffered if Century acted in bad faith. We disagree, however, with its determination that there was insufficient evidence to support an emotional distress claim. We find that there was a genuine dispute of material fact over emotional damages because Fernando Avila's testimony was sufficient for a jury to reach the conclusion that Manuel Avila was harmed by Century's conduct. We reverse the district court's determination that there was no genuine dispute of material fact concerning

4

emotional distress and remand for further proceedings to establish the extent of the

emotional distress damages if it is found that Century acted in bad faith.[2]

**REVERSED AND REMANDED.**

---

[2]The Estate, in its reply brief, raised the issue of whether it should be allowed to conduct additional discovery related to emotional distress damages. While such a claim would ordinarily be waived given that it was not raised in the opening brief, because we remand for further proceedings, allowing further discovery is now within the discretion of the district court.